**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30138 |
| Plaintiff - Appellee, | D.C. No. 6:08-CR-00009-CCL |
| v. | |
| JOHN JAY DIETRICH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, Senior District Judge, Presiding

Argued and Submitted October 6, 2010
Seattle, Washington

Before: KOZINSKI, Chief Judge, and THOMAS and M. SMITH, Circuit Judges.

The Supreme Court has held that 18 U.S.C. § 2250(a) "does not apply to sex offenders whose interstate travel occurred prior to SORNA's effective date." *United States v. Begay*, 622 F.3d 1187, 1195 (9th Cir. 2010) (citing *Carr v. United States*, --- U.S. ----, 130 S. Ct. 2229, 2232–33 (2010)).  In *United States v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*Valverde*, --- F.3d ----, 2010 WL 5263142, at *8 (9th Cir. Dec. 27, 2010), we held that, for persons like Dietrich who were convicted of sex offenses prior to the statute's enactment, SORNA's registration requirements became effective on August 1, 2008. This date is thirty days after the Attorney General published guidelines that accorded with the APA's requirements and announced SORNA's retroactive applicability. *Id.*; *see* 5 U.S.C. § 553; Office of the Attorney General, The National Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38,030, 38,046–47 (July 2, 2008); *see also United States v. Utesch*, 596 F.3d 302, 311 (6th Cir. 2010).

Dietrich's interstate movement as an unregistered sex offender concluded in April 2008, several months before SORNA's registration requirements applied to him. We therefore reverse his conviction. *Carr*, 130 S. Ct. at 2233.

**REVERSED AND REMANDED.**